## Sovereign Camp, W. O. W., v. Rajkovich.

(Decided Dec. 17, 1937.)

FORESTER & CARTER for appellant.

J. B. WALL for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

On January 20, 1928, the Sovereign Camp, Woodmen of the World, issued to Pero Rajkovich a policy insuring his life in the sum of $1,500, and insuring him against permanent and total disability in the sum of $750. In this action to recover for permanent and total disability he was awarded judgment in the sum of $750. The Sovereign Camp, Woodmen of the World, appeals.

In the original petition appellant was sued in the name of Woodmen of the World. The Woodmen of the World demurred to the petition on the ground that it showed on its face that the Woodmen of the World was not liable to plaintiff. Plaintiff then filed an amended

petition, stating that the real name of the defendant was "Sovereign Camp, Woodmen of the World." Whereupon it was ordered that further proceedings be in defendant's true name, Sovereign Camp, Woodmen of the World, and the court overruled the demurrer to the petition as amended. It is not perceived how appellant was in any wise prejudiced by the ruling of the court. It brought to the attention of the court the fact that it was sued in the wrong name, and, after filing of the amendment, it entered its appearance and defended in its true name. In the circumstances, the situation is the same as if appellant had in the first instance been sued in its true name.

Attention is called to section 61 of the by-laws of the society requiring that the insured furnish to the secretary of the association satisfactory proof of permanent and total disability and surrender his certificate, and it is claimed that the petition was demurrable and that a peremptory should have gone on the ground that the petition did not allege, nor the evidence show, a compliance with that provision. The petition did allege that appellant denied liability on the policy, and it is the settled law of this state that denial of liability waives formal proof of the conditions on which that liability rests. Equitable Life Assurance Society v. Witten, 265 Ky. 448, 97 S. W. (2d) 17. It follows that neither the failure to allege nor the failure to prove that satisfactory proof was furnished, or the certificate surrendered, was fatal to a recovery.

Section 63(B) of the by-laws provides that, if a member fails to make his monthly assessments before the last day of the month, he shall thereby become suspended, and his beneficiary certificate shall be void. Section 65 of the by-laws provides that a member who has been suspended for nonpayment of any installment of assessment, if in good health, may within 3 calendar months from the date of his suspension become a member of the association by the payment of all the installments, but such payment shall be held to warrant that he is at the time in good health and will remain in good health for a period of 30 days. If, however, a person be suspended more than 3 and less than 6 months, he must, in addition to other requirements, deliver to the financial secretary a certificate of good health signed by himself. Section 67, by-laws. Appellant's main defense is that appellee was suspended for nonpayment of in-

stallments in the month of May, 1932, and that when he paid up his installments in the month of September following he was not in good health and did not furnish a certificate to that effect, and it is insisted that the finding of the jury to the contrary is flagrantly against the evidence. It appears that George Begolia was the local secretary of the association and that his wife, Mary Begolia, sometimes accepted payments of assessments and entered the payments in the books used for that purpose. The book shows the payments at the regular dates. According to appellee, he gave the money to his daughter to pay in May for May and June, and in July to pay for the months July, August, and September. According to his daughter, she made the payments at those times. According to George Begolia, no dues were paid by appellee, or for him, for the month of May, 1932. The only time appellee's girl undertook to pay anything was on September 13th. Mrs. Begolia also said that appellee's daughter brought the money on September 13th, and in making the entries she just dated them back. There appears in the record a letter dated May 28, 1932, purporting to have been written by appellee, stating that he was writing to tell them he was very slow in paying his dues, also a letter dated July 26, 1932, from which it would appear that no dues were paid for May, also another letter dated August 10, 1932, saying that appellee would pay his dues when work got better, but appellee denies that he wrote, or authorized any one to write, the letters for him. There also appears in the record a letter from appellee's daughter from which it would appear that the payments for May and June were made in the month of June, but the daughter says that she made a mistake in saying that the payments were made in June. On the contrary, they were made in May. On this showing we are not disposed to hold that the verdict is flagrantly against the evidence.

Instructions Nos. 1 and 2 are as follows:

"No. 1. The court says to you that if you shall believe from the evidence in this case that the Plaintiff, or his daughter, paid the dues on his certificate to the Defendant Company for May and June in the month of May; and if you shall further believe from the evidence in this case that the Plaintiff through his daughter as his agent paid the dues on said certificate of membership in the month

of July for the months of July, August and September, then the law is for the Plaintiff and you should so find.

"Unless the Jury believe as set forth above, the finding should be for the Defendant."

"No 2. However, the Court says to the Jury if they shall believe from the evidence in this case that the Plaintiff, or his daughter, as his agent, failed to pay his dues for the months of May, June, July and August, 1932, before August 31st, 1932, the certificate lapsed by reason thereof, and in that event the law is for the defendant and the Jury will so find."

It is insisted that instruction No. 2 is fatally defective in that, before the jury were authorized to find that the certificate had lapsed, they had to find that appellee failed to pay his dues for the 4 months, May, June, July, and August, before August 31st, whereas the certificate lapsed for a failure to pay for any one of the months before the end of the month. It will be observed, however, that before the jury was authorized to find for appellee under instruction No. 1 it was required to believe from the evidence that the dues on the certificate for May and June were paid in May, and that the dues for the months of July, August, and September were paid in the month of July, and the jury was told that, unless they so believed, they should find for the defendant. It further appears that all the evidence on behalf of defendant was to the effect that none of the payments were made until September, and the purpose of instruction No. 2 was to present that phase of the case to the jury. Inasmuch as the jury was authorized to find for the defendant if they did not believe from the evidence that the dues were paid for May and June in May, and for July, August, and September in July, and also if they believed from the evidence that the dues were not paid for the months of May, June, July, and August before August 31st, we are not inclined to the view that the wording of instruction No. 2 was prejudicial.

Complaint is also made of the court's failure to give other instructions, but, as the real and only issue in the case was, whether appellee paid his dues in May for May and June, and in July for July, August, and September, and that issue was properly submitted to the

jury, other instructions would have been confusing rather than enlightening.

As appellant proved permanent and total disability, and there was no evidence to the contrary, the court did not err in failing to submit that issue to the jury.

Judgment affirmed.